THE UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PIECE MANAGEMENT, INC.,                                    Action No.:

                               Plaintiff,

                   - against -                                    **COMPLAINT**

ATLANTIC CASUALTY INSURANCE COMPANY,

                              Defendant.
------------------------------------------------------------------------X

      Plaintiff Piece Management, Inc. ("Piece"), by its attorneys, Chartwell Law, as and for its complaint against defendant Atlantic Casualty Insurance Company ("ACIC"), respectfully alleges the following:

## NATURE OF THE ACTION

      1.    Piece seeks a judgment: (i) declaring that ACIC has a duty to defend and indemnify it on a primary and non-contributory basis in the underlying personal injury action commenced by Mustafaa Dais; and (ii) to reimburse Piece for defense costs incurred on its behalf.

## JURISDICTION AND VENUE

      2.    At all times hereinafter mentioned, Piece is a company organized under the laws of New York, with its principal place of business located in New York.

      3.    At all times hereinafter mentioned, Piece is duly authorized to conduct business within New York.

      4.    Upon information and belief, at all times hereinafter mentioned, ACIC is an insurance company organized under the laws of the State of North Carolina, with a principal place of business located in North Carolina.

      5.    Upon information and belief, at all times hereinafter mentioned, ACIC is duly authorized to conduct business within the State of New York.

6. At all times hereinafter mentioned, ACIC conducted and carried out business in the State of New York..

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000 exclusive of costs.

8. Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391.

## SUBSTANTIVE ALLEGATIONS

9. Mustafaa Dais commenced an action against BJ's Restaurants, Inc. by filing a summons and verified complaint in the Supreme Court of the State of New York, County of Rockland, on or about May 13, 2022 (the "Dais Action"). The Dais Action is proceeding under Index No. 032157/2022.

10. On January 20, 2023, Dais filed an amended verified complaint that added Piece and Narway, Inc. d/b/a Dedicated Glass Works ("Narway") as defendants in the Dais Action (collectively "Defendants").

11. The amended complaint alleges that on April 3, 2022, Dais sustained personal injuries on the premises located at 1119 Fashion Drive, Nanuet, New York (the "Premises") due to the collapse of a glass door.

12. The amended complaint alleges that the negligence of defendants and their employees, agents, and servants proximately caused the accident.

13. On February 22, 2023, Piece interposed an answer that asserted cross-claims against Narway. The cross-claims allege Narway was a party to written contract(s)/agreement(s) with Piece to construct the on the Premises prior to April 3, 2021.

14. The cross-claims alleges that Narway's carelessness and negligence in constructing the glass door was the proximate cause of Dais' accident and asserts claims against Narway, *inter alia*, for common law contribution, common indemnification, contractual indemnification and breach of contract for failure to procure insurance.

15. Prior to April 3, 2023, Piece retained Narway to install glass door on the Premises pursuant to a Subcontractor Service Agreement (the "Service Agreement").

16. The Service Agreement requires Narway to maintain general liability insurance and excess liability insurance and requires Narway to add Piece as an additional insured on those Policy.

17. The Service Agreement further requires Narway's general liability and excess general liability Policy be primary and noncontributory to Piece's insurance.

## AS AND FOR A FIRST CLAIM FOR RELIEF

18. Piece repeats and reiterates the allegations contained in paragraphs "1" through "17" as if more fully set forth herein.

19. Upon information and belief, ACIC issued and delivered to Narway a general liability policy, bearing policy number PK439388, which was effective on April 3, 2022 (the "ACIC Policy").

20. Upon information and belief, the ACIC Policy was in full force and effect for the benefit of Piece on the date of the alleged accident that forms the basis of the Dais Action.

21. Piece qualifies as an insured or an additional insured under the ACIC Policy.

22. Piece timely tendered its defense and indemnity of the Dais Action to ACIC and has duly demanded that ACIC assume its responsibilities and obligations to Piece, but ACIC has failed and refused to perform its obligations under the ACIC Policy.

23. ACIC wrongfully refused to defend and indemnify Piece and has wrongfully failed to assume its obligations to Piece.

24. ACIC has failed to properly provide sufficient grounds or any grounds as to why it will not defend and indemnify Piece in the Dais Action.

25. Piece hereby seeks a declaration requiring ACIC to defend and indemnify Piece on a primary and noncontributory basis in the Dais Action up to the limits of the ACIC Policy.

26. As a result of ACIC's failure to acknowledge its primary duty to defend Piece, Piece has incurred substantial attorneys' fees and other costs to defend itself in the Dais Actions.

27. Piece is entitled to a money judgment against ACIC in an amount equal to what it has incurred and will incur to defend itself in the Dais Action, in an amount to be determined by the Court.

28. Piece has no adequate remedy at law.

**WHEREFORE**, Piece is entitled to:

a. On the first claim for relief, a judgment declaring that ACIC is required to defend and indemnify Piece under the ACIC Policy on a primary and noncontributory basis and that ACIC must reimburse Piece for all defense costs incurred by it or on its behalf in the Dais Action; and

b. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
      March 4, 2025

                                        CHARTWELL LAW

                                        By: _____
                                        Matthew Kraus, Esq.
                                        *Attorneys for Plaintiff*

One Battery Park Plaza, Suite 710
New York, New York 10004
(212) 968-2300