UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————

PIECE MANAGEMENT, INC.,                          25-cv-1809 (JGK)

                              Plaintiff,          MEMORANDUM OPINION
                                                  AND ORDER

          - against -

ATLANTIC CASUALTY INSURANCE COMPANY,

                              Defendant.
————————————————————————

JOHN G. KOELTL, District Judge:

     The plaintiff, Piece Management, Inc. ("Piece"), hired a
subcontractor, Narway Inc. ("Narway"), to build a glass door at
a restaurant. That door allegedly collapsed onto a patron, Mus-
tafaa Dais, who sued the restaurant in New York state court. The
patron later amended his complaint to include Piece and Narway
as defendants.

     Piece brings this action against Narway's insurer, Atlantic
Casualty Insurance Company ("Atlantic"). According to Piece, it
qualifies as an insured under Narway's insurance policy and thus
Atlantic has a duty both to defend and to indemnify Piece. At-
lantic moves to dismiss the complaint in its entirety.

**I.**

Mustafaa Dais alleges that while he was exiting a BJ's Restaurant on April 3, 2022, a glass door collapsed onto him.[1] Compl. ¶¶ 9, 11. Dais sued BJ's Restaurants, Inc. in New York state court, seeking damages for his injuries. Id. ¶ 9. In January 2023, Dais amended his complaint to add Piece, the property's management company, and Narway, the company Piece had hired to install the glass door. Id. ¶ 10.

Under the terms of the subcontract between Piece and Narway, Narway was required to maintain a general liability insurance policy and to "add Piece as an additional insured."[2] Id. ¶ 16. Narway purchased the required policy from Atlantic (the "Policy"), which covered the period between January 26, 2022 and January 26, 2023. Decl. Harry Lorello Supp. Mot. to Dismiss ("Lorello Decl.") ¶ 3, ECF No. 13.

The Policy's provision governing coverage for bodily injury provides that Atlantic "will have the right and duty to defend the insured against any 'suit' seeking" "damages because of 'bodily injury' or 'property damage' to which th[e] insurance

---

[1] Unless otherwise noted, the following facts are taken from the plaintiff's complaint, ECF No. 1, and are accepted as true for purposes of the motion to dismiss.

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

applies." Lorello Decl. Ex. 8 at 33. The Policy also includes an endorsement modifying the coverage provision, which provides that:

> [Atlantic] will have the right and the duty to defend the insured against any "suit" seeking covered damages.... [Atlantic] will have the right, but not the duty, to defend those qualifying as an additional insured by way of an additional insured endorsement.

Id. (emphases added).

The Policy includes two additional modifications. The first is titled "Additional Insured — Owners, Lessees or Contractors — Scheduled Person or Organization — Primary and Non-Contributory." Id. at 42 (the "Ongoing Operations Provision"). It provides that the Policy

> is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability caused, in whole or in part, by [Narway's] ongoing operations performed for that insured.

Id. (emphasis added). The second modification is titled "Additional Insured — Owners, Lessees or Contractors — Completed Operations." Id. at 43. It provides that the Policy

> is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "[Narway's] work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard."

Id. (the "Completed Operations Provision") (emphasis added).[3]

Finally, the Policy defines "products-completed operations hazard" to mean "all 'bodily injury' and 'property damage' occurring away from premises [Narway] own[s] or rent[s] and arising out of '[Narway's] product' or '[Narway's] work'" except for, among other things, "[w]ork that has not yet been completed." Id. at 57. The Policy provides that Narway's work "will be deemed completed" when "that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project." Id.

Piece argued that it qualified as an insured or additional insured under Narway's Policy and thus requested that Atlantic defend it against Dais's lawsuit. Compl. ¶¶ 21–22. Atlantic refused. Id. ¶¶ 22–23. In its view, Piece was not an insured — at most, it was an additional insured. Def.'s Mem. Supp. Mot. to Dismiss 6, ECF No. 14. And the Policy makes clear that Atlantic

---

[3] Neither schedule explicitly names Piece. Instead, both identify "[a]ny person or organization with whom the insured has agreed within a written contract or written agreement[,] provided such written agreement is executed prior to the loss." Lorello Decl. Ex. 8 at 42 & 43. No one disputes that Piece qualifies as an organization that had entered into a written agreement with Narway before the glass door fell onto Dais. See Compl. ¶ 13 ("Narway was a party to written contract(s)/agreement(s) with Piece to construct the [glass door] on the Premises prior to April 3, 202[2].").

has the right, but not the duty, to defend additional insureds. Id.

Piece sued Atlantic in this court, seeking a judgment declaring that Atlantic has a duty to defend and indemnify Piece. Compl. ¶¶ 25-26. Atlantic has moved to dismiss Piece's complaint in its entirety. ECF No. 11.

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This Court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). Although the Court must construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

For purposes of a Rule 12(b)(6) motion, "the complaint is deemed to include any written instrument attached to it as an

exhibit or any statements or documents incorporated in it by
reference." <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d
Cir. 2002). "[A] document not expressly incorporated by refer-
ence in the complaint" that "is nevertheless 'integral' to the
complaint" is "a fair object of consideration on a motion to
dismiss." <u>Goel v. Bunge, Ltd.</u>, 820 F.3d 554, 559 (2d Cir. 2016).
"A document is integral to the complaint where the complaint re-
lies heavily upon its terms and effect." <u>Id.</u> "In most instances"
in which the incorporation-by-reference "exception is recog-
nized, the incorporated material is a contract or other legal
document containing obligations upon which the plaintiff's com-
plaint stands or falls." <u>Id.</u>

The Court has subject-matter jurisdiction over this action
pursuant to 28 U.S.C. § 1332(a) because Piece is a citizen of
New York, Atlantic is a citizen of North Carolina, and the
amount in controversy exceeds $75,000. Compl. ¶¶ 2, 4, & 7.

**III.**

Atlantic moves to dismiss Piece's claim for a declaratory
judgment that Piece is entitled to have Atlantic defend and in-
demnify it in the Dais litigation.

**A.**

The parties have not addressed which law applies to their
contractual dispute. The parties' briefs, however, apply New
York law. "Federal courts sitting in diversity look to the

choice-of-law rules of the forum state." <u>Int'l Bus. Machs. Corp.</u> <u>v. Liberty Mut. Ins.</u>, 363 F.3d 137, 143 (2d Cir. 2004). And under New York's choice-of-law rules, an agreement between the parties to apply New York law — even an implied agreement — is sufficient to establish that New York law governs. <u>Krumme v.</u> <u>WestPoint Stevens Inc.</u>, 238 F.3d 133, 138 (2d Cir. 2000). The Court therefore will apply New York law.

**B.**

Under New York law, an "insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy." <u>Fieldston Prop. Owners Ass'n v. Hermitage Ins.</u>, 945 N.E.2d 1013, 1018 (N.Y. 2011). That duty to defend is a contractual obligation. <u>Town of Massena v.</u> <u>Healthcare Underwriters Mut. Ins.</u>, 779 N.E.2d 167, 170 (N.Y. 2002) ("[A]n insured's right to be accorded legal representation is a contractual right and consideration upon which his premium is in part predicated ...."). As with any contract, the parties can modify their rights and duties under the agreement. <u>Atl.</u> <u>Cas. Ins. v. Value Waterproofing, Inc.</u>, 918 F. Supp. 2d 243, 252 (S.D.N.Y. 2013) ("Since the duty to defend is a purely contractual obligation, ... parties to an insurance contract may modify the duty to defend."), <u>aff'd sub nom.</u> <u>Atl. Cas. Ins. v. Greenwich Ins.</u>, 548 F. App'x 716 (2d Cir. 2013). That includes the

circumstances under which an insurer must defend an insured. See, e.g., New York Univ. v. Am. Bldg. Maint., 915 N.Y.S.2d 218, 219 (App. Div. 2010) ("Continental has no obligation to defend NYU in the underlying action under a policy that provides, 'We [i.e., Continental] shall have the right, but not the duty, to ... [d]efend or participate in the defense of any suit against the insured.'"); see also In re September 11th Liab. Ins. Coverage Cases, 458 F. Supp. 2d 104, 123 (S.D.N.Y. 2006) ("The Gulf Policy clearly disclaimed coverage of defense costs" by providing "that Gulf ... would have the right, but not the duty, to become involved in the settlement or defense of claims.").

The parties in this case mainly dispute the threshold question whether Piece is an insured under the Policy in the first place. Piece claims that it qualifies as an insured under the Policy because the Ongoing Operations Provision amends the Policy "to include as an insured the person or organization shown in the Schedule ... with respect to liability caused, in whole or in part, by [Narway's] ongoing operations." Lorello Decl. Ex. 8 at 42 (emphasis added); see also Opp'n Mot. to Dismiss 11-12, ECF No. 18. According to Piece, Narway was still performing work for Piece when Dais was injured and thus Piece was an insured entitled to have Atlantic defend it. Id.

Atlantic responds that the Ongoing Operations Provision does not apply because the glass door was completed within the meaning of the Policy at the time it allegedly collapsed onto Dais. Reply Mem. Supp. Mot. to Dismiss 2–3, ECF No. 21. Atlantic points to discovery from the Dais litigation in New York state court, which it claims shows that "Narway's work on the subject door was completed on or about March 24, 2022." Decl. Joseph K. Poe Supp. Mot. to Dismiss ("Poe Decl.") ¶ 13, ECF No. 12. In Atlantic's view, the Completed Operations Provision applies, and thus Piece is at most an additional insured. Atlantic has the right, but not the duty, to defend additional insureds.

In support of its view, Atlantic relies largely on discovery from the Dais litigation in New York state court. But on a motion to dismiss, the Court ordinarily cannot consider materials outside the plaintiff's complaint without converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56. Chambers, 282 F.3d at 152.

Atlantic insists that the discovery it attaches to the Poe Declaration is authenticated and therefore appropriately considered. Reply Mem. Supp. Mot. to Dismiss 2 n.1. But the material's authenticity is beside the point. The problem is that it is neither attached to nor incorporated by reference into Piece's

complaint.[4] The state-court discovery offered by Atlantic there-
fore cannot be considered in deciding Piece's motion to dismiss.

Nevertheless, it is clear from the pleadings and the mate-
rials incorporated by reference that the glass door was
completed within the meaning of the Policy at the time it col-
lapsed onto Dais.[5] Under the Policy, Narway's work is "deemed
completed" "[w]hen that part of the work done at a job site has
been put to its intended use by any person or organization other
than another contractor or subcontractor working on the same
project." Lorello Decl. Ex. 8 at 57. A patron using a door to
exit a restaurant is plainly putting the door to its intended

---

[4] If Atlantic means to argue that these documents are judicially
noticeable under Federal Rule of Evidence 201(b), that argument
fails as well. The responses Piece provided in the Dais litiga-
tion are not "widely known and indisputable facts," and
therefore are not appropriate subjects of judicial notice.
O'Keefe v. Ogilvy & Mather Worldwide, Inc., No. 06-cv-6278, 2006
WL 3771013, at *2 (S.D.N.Y. Dec. 18, 2006); see also Harrison v.
NBD Inc., 990 F. Supp. 179, 182 (E.D.N.Y. 1998) (declining to
consider "documents obtained through discovery in opposition to
the defendants' motion to dismiss" because those "documents were
not incorporated by reference and the subject matter [wa]s not
such that the Court [wa]s able to take judicial notice"). And
while the Court may take judicial notice of public records, in-
cluding court filings, it may do so "not for the truth of the
matters asserted in other litigation, but rather to establish
the fact of such litigation and related filings." Kramer v. Time
Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

[5] Unlike the state-court discovery that Atlantic highlights,
Piece's complaint is replete with references to the Policy. The
Policy is therefore integral to the plaintiff's complaint be-
cause "the complaint relies heavily upon its terms and effect."
Goel, 820 F.3d at 559.

use, and Piece does not attempt to argue otherwise. Cf. Emps.
Ins. of Wausau v. Northfield Ins., 150 F. Supp. 3d 196, 201
(E.D.N.Y. 2015) (Weinstein, J.) (interpreting virtually identi-
cal contractual language and concluding that the "use of the
door, as alleged in the complaint, means that [the contractor's]
work had been completed").

Piece resists this conclusion by arguing that "Narway's op-
erations — in addition to installing the subject glass door —
included other services," and Atlantic "[a]t no
point ... state[s] that those services had been completed." Pl's
Mem. Opp'n Mot. to Dismiss 14. But this argument is unpersuasive
because whether Narway had other ongoing operations at the time
of the injury is irrelevant. The Ongoing Operations Provision
expressly provides that the Policy "is amended to include as an
insured the person or organization shown in the Schedule but
only with respect to liability caused ... by [Narway's] ongoing
operations." Lorello Decl. Ex. 8 at 42 (emphasis added). What
matters is that the project that allegedly caused the injury —
here, the door — was completed. Because the door was completed
at the time of the injury, the Completed Operations Provision,
not the Ongoing Operations Provision, applies. And under the un-
ambiguous terms of the former provision, Piece was an
"additional insured." See U.S. Fid. & Guar. Co. v. Annunziata,
492 N.E.2d 1206, 1207 (N.Y. 1986) ("Where the provisions of the

policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement."). The Policy is similarly clear that Atlantic has "the right, but not the duty, to defend those qualifying as an additional insured." Lorello Decl. Ex. 8 at 33.

Because Piece is at most an additional insured under the Policy, Piece's claim for a declaratory judgment that it is entitled to have Atlantic defend it in the Dais action is **dismissed with prejudice.**

### C.

Atlantic also seeks to dismiss "Piece's claim seeking a declaration that Atlantic owes a duty to indemnify." Def.'s Mem. Supp. Mot. to Dismiss 10. Under New York law, it generally "would be premature to entertain jurisdiction of a declaratory judgment action before it can be known whether or not the loss would be covered by the policy." Prashker v. U.S. Guarantee Co., 136 N.E.2d 871, 874-75 (N.Y. 1956); see also Mt. Hawley Ins. v. Am. States Ins., 92 N.Y.S.3d 238, 239 (App. Div. 2019) ("[I]ssues of fact as to liability in the underlying personal injury action render premature the conclusion that American has a duty to indemnify."). Piece does not argue otherwise in its opposition brief. Piece's request for a declaration that it is entitled to have Atlantic indemnify it is therefore **dismissed without prejudice.**

## CONCLUSION

The Court has considered all the arguments raised by the parties. If any argument was not specifically addressed, it is either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss is **granted** and Piece's claim for a declaratory judgment that it is entitled to have Atlantic defend it in the Dais action is **dismissed with prejudice**. Piece's claim for a declaratory judgment that Atlantic owes a duty to indemnify Piece in the Dais action is **dismissed without prejudice.**

The Clerk is directed to close ECF No. 11. The Clerk is also directed to enter judgment and to close this case.

**SO ORDERED.**

Dated:     **New York, New York**
           **October 16, 2025**

                                    _____
                                    John G. Koeltl
                                    **United States District Judge**

13